UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EMMANUAL SALAS,

        Plaintiff,

v.

A. GEMIGNIANI and CHRISTOPHER SATARIANO,

        Defendants.

No.  2:25-cv-0896-TLN-SCR

ORDER DENYING MOTION TO COMPEL AND GRANTING MOTION TO MODIFY SCHEDULING ORDER

**I.      Introduction**

In this action Plaintiff brings claims concerning interactions with Defendants during his incarceration at the Sierra Conservation Center ("SCC"). ECF No. 1 at 1, 3.  Specifically, the Complaint alleges that Defendants used batons to hit Plaintiff multiple times in his upper back and head during a fistfight with other inmates. *Id.* at 3.  Based on these allegations, Plaintiff brings claims for assault, battery, and a violation of his rights under the Eighth Amendment, invoking 42 U.S.C. § 1983 in the process. *Id.* at 2.  The undersigned is currently presiding over all pretrial matters pursuant to Local Rule 302(c)(21).  A scheduling order was entered on September 9, 2025, and the completion of fact discovery is set therein for April 30, 2026.  ECF No. 14 at 2.

1

Defendants have filed a motion to compel responses to written interrogatories and requests for production ("RFP").  ECF No. 16.  Defendants also move for a modification to the scheduling order extending the deadlines for fact discovery and for filing a dispositive motion.  ECF No. 17.  Plaintiff did not file an opposition to either motion.  The Court heard oral argument on April 9, 2026, at which Plaintiff also failed to appear.  However, on April 21, 2026, Plaintiff filed a one page response to the motion to compel, in which Plaintiff apologized for his failure to respond to discovery in a timely manner but contended that on March 20, 2026 he "served a complete discovery [sic] which included the 1-request for admissions their 2-interrogatories and the 3-requests for production of documents."  ECF No. 19.

For the reasons stated at the hearing, and as further explained below, the Court DENIES AS MOOT the motion to compel (ECF No. 16) and GRANTS the motion to modify the scheduling order (ECF No. 17).

**II.      Motion to Compel**

Defendants state they served the interrogatories, RFPs, and requests for admission ("RFA") on February 5, 2026, and that responses were due by March 10, 2026.  ECF No. 16 at 5, 8-32.  Defendants state they received no response or request for extension, despite sending Plaintiff a reminder email on February 24, 2026.  *Id.* at 5, 35.  On March 16, 2026, Defendants sent Plaintiff a letter advising him they would file a motion to compel if he did not respond by March 23, 2026.  *Id.* at 5, 40.  Having not heard from Plaintiff, Defendants filed this motion on March 24, 2026.  *Id.* at 5-6.

Counsel for Defendants disclosed at the hearing, however, that Plaintiff responded to the discovery requests after Defendants filed their motions.  Counsel further disclosed that no meet and confer has occurred as to these responses, though Defendants find them inadequate as well as untimely.  The existence of discovery responses where there previously were none changes the nature of this dispute.

The motion to compel is therefore DENIED AS MOOT.  Pursuant to Local Rule 251(b), Defendants shall meet and confer with Plaintiff about adequacy of Plaintiff's responses.  Should such meet and confer efforts fail to resolve the dispute, the parties may contact the undersigned

2

for an informal discovery conference on the issue.  Defendants may alternatively move to compel further responses to the discovery at issue upon failure of such meet and confer efforts.

### III.    Modification to Scheduling Order

A scheduling order may be modified only upon a showing of good cause and with leave of the Court.  Fed. R. Civ. P. 16(b)(4).  Good cause exists here because Plaintiff's untimely and purportedly inadequate responses have left Defendants unable to complete subsequent discovery and therefore decide whether to file a dispositive motion by the deadline.  ECF No. 17 at 3-4.  Defendants further request that such an extension should not apply to Plaintiff's own efforts to obtain discovery, as Defendants have timely complied with all discovery requests that he has propounded.  *Id.* at 4.  The Court agrees that Plaintiff should not benefit from a delay in proceedings that he caused, without explaining either the reason for the delay or why he is entitled to such a discovery extension.

The deadline for <u>Defendants</u> to complete all fact discovery is extended from **April 30, 2026** to **June 19, 2026**.  Any discovery propounded past the original deadline should be limited to matters directly related to Plaintiff's responses to the discovery requests at issue.  The deadline for a hearing on any motion to compel responses to such discovery is extended from **April 9, 2026** to **May 29, 2026**.  Plaintiff, in contrast, is otherwise bound by the discovery deadlines in the Court's scheduling order (ECF No. 14).  The deadline for dispositive motions is also extended from **September 30, 2026**, to **November 19, 2026**.

### IV.    Conclusion

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Defendants' Motion to Compel responses to interrogatories and RFPs (ECF No. 16) is **DENIED AS MOOT**.  The parties shall meet and confer as to the adequacy of Plaintiff's untimely responses.  Defendants may move to compel further responses only if such meet and confer efforts do not resolve the dispute.

2. The Motion to Modify the Court's Scheduling Order (ECF No. 17) is GRANTED as follows:

   a.  The deadline for Defendants to complete all fact discovery is extended from **April 30, 2026** to **June 19, 2026**. Such discovery, however, shall be limited matters directly related to the discovery requests attached to Defendants' Motion to Compel (ECF No. 16).

   b.  Defendant's deadline for a hearing on any motion to compel responses to such discovery is extended from **April 9, 2026** to **May 29, 2026.**

   c.  Plaintiff otherwise remains bound by the discovery deadlines in the Court's September 9, 2025 scheduling order (ECF No. 14).

   d.  The deadline for either party to file dispositive motions is extended from **September 30, 2026**, to **November 19, 2026**

SO ORDERED.

DATED: April 23, 2026.

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

4